Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5777 | **DATE** | 5/22/2001 |
| **CASE TITLE** | EUROPEAN AMERICAN BANK vs. PRIME LEASING, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Opinion And Order. Defendant Brandt's Motion To Dismiss is denied. Plaintiff's motion for default judgment is entered and continued to August 7, 2001. Status hearing held and continued to August 7, 2001 at 9:30 a.m.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 23 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 17 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CD-7 FILED FOR DOCKETING | | |
| LG | courtroom deputy's initials | 01 MAY 22 PM 5:39 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAY 23 2001

| | |
|---|---|
| EUROPEAN AMERICAN BANK, a New York Corp., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PRIME LEASING, INC., an Illinois Corp., and ) <br> WILLIAM A. BRANDT, JR., not individually but ) <br> as Assignee for the Benefit of the Creditors of ) <br> Prime Leasing, Inc., ) <br> ) <br> Defendants. ) | No. 00 C 5777 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff, European American Bank (EAB), filed a five-count complaint against defendants, Prime Leasing, Inc. (Prime) and William A. Brandt, Jr. (Brandt), as the assignee for the benefit of Prime's creditors. Count IV, conversion, and Count V, breach of fiduciary duty, are brought against defendant Brandt. Brandt seeks dismissal of both counts.

Prime is engaged in the business of providing equipment lease financing. In 1998, Prime assigned its rights under various equipment financing leases to EAB. In exchange, EAB paid Prime an amount representing a discounted value of the rentals due under the leases. Prime also agreed that it would act as EAB's collection agent for the rentals to be received from the lessees of the assigned leases, with Prime agreeing to remit the payments to EAB upon receipt.

In 2000, R.F. Micro Devices tendered its periodic rental payment of $149,472 to Prime. In addition, VTC, Inc. tendered its payment of $159,984, and Liberty Medical tendered its payment of $23,250 to Prime. Prime refused to remit these collected rentals to EAB. Subsequently, EAB filed

suit against Prime.

A month after the suit was filed, Prime filed a notice of an assignment for the benefit of creditors. The assignment assigned all of Prime's assets to Brandt for the purpose of liquidating Prime's assets and distributing the proceeds to Prime's creditors in partial or complete satisfaction of Prime's debts.

In November 2000, EAB sent a letter to Brandt demanding payment for the monies received for the above leases. Brandt has refused to remit the monies received to EAB.

In ruling on a motion to dismiss, the Court must accept the events as specified in the complaint as true, and all ambiguities are construed in favor of the plaintiffs. *Curtis v. Bembeneck*, 48 F.3d 281, 283 (7th Cir 1995). Federal notice pleading requires that a plaintiff "set out in [the] complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999).

Brandt argues that EAB's conversion claim fails to state a claim because the money EAB seeks is not an identifiable object of property. The Court applies Illinois case law to EAB's state law conversion claim.

Conversion is "the wrongful deprivation of one who has a right to the immediate possession of the object unlawfully held." *In re Thebus*, 483 N.E.2d 1258, 1260 (Ill. 1985) (*Thebus*), quoting *Bender v. Consolidated Mink Ranch, Inc.*, 441 N.E.2d 1315, 1320 (Ill. 1982). To establish a claim for conversion, plaintiff must demonstrate: (1) an unauthorized and wrongful assumption of dominion, control, or ownership by a person over the personalty of another; (2) his right in the property; (3) his absolute and unconditional right to immediate possession of the property; and (4) a demand for possession. *Mid-America Fire & Marine Ins. Co. v. Middleton*, 468 N.E.2d 1335,

1338 (Ill. 1984).

Illinois law limits the circumstances under which money can be the subject of a conversion claim. *Thebus*, 483 N.E.2d at 1261. Generally, money is not recoverable unless the sum of money is capable of being described as a specific chattel. *Thebus*, 483 N.E.2d at 1260. An action for conversion will not lie for money represented by general debt or obligation. A conversion claim may proceed where the allegations indicate that the sum of money at issue was segregated from other funds, earmarked, received in a lump sum, or otherwise identifiably distinct. *See 3Com Corp. v. Electronic Recovery Specialists, Inc.*, 104 F.Supp.2d 932, 940 (N.D.Ill. 2000); *Cumis Ins. Soc., Inc. v. Peters*, 983 F.Supp. 787, 793-94 (N.D.Ill. 1997) (*Cumis*); *Newscope Tech., Ltd. v. Ameritech Information Ind. Serv., Inc.*, 1999 WL 199650 (N.D.Ill. Apr. 5, 1999). Lump sum payments from one source are specific and identifiable monies capable of conversion. *Cumis*, 983 F.Supp. at 794; *Roderick Dev. Investment Co. v. Community Bank of Edgewater*, 668 N.E.2d 1129, 1134-35 (Ill. 1996) (*Roderick*).

Here, plaintiff seeks a specific amount of money based on three specific lump sum payments received from three different clients over a one month time period. Therefore, the amount due the plaintiff did not accrue but is a determinate amount—the sum of the identified three payments. While there are no allegations in the complaint that defendant segregated the money from defendant's other money or that the assignment agreement required defendant to do so, segregation of the funds is "just one factor the courts in these cases consider[] in determining whether a conversion action could be maintained." *Roderick*, 668 N.E.2d at 1136. In addition, the amount allegedly converted was not merely a portion of its own assets that it was obligated to use to satisfy a debt to EAB. Instead, the monies were a specific amount transferred to Prime from an outside source—"[i]n this respect, it was

3

identifiable." *Roderick*, 668 N.E.2d at 1136.

Furthermore, no debtor-creditor relationship exists between EAB and Brandt. A debtor-creditor relationship is created when a party, the creditor, transfers his property voluntarily to another, the debtor. *Illinois Bell Tel. Co. v. Wolf Furniture House, Inc.*, 509 N.E.2d 1289, 1291-91 (Ill. 1987) (*Illinois Bell*). In the instant case, Prime received funds from the lessees pursuant to an agreement to which Brandt was not a party – the funds were not received by a voluntary transfer of property. *See Roderick*, 668 N.E.2d at 1135.

Thus, considering all of the factors in this case, EAB has sufficiently alleged a specifically identifiable fund that can be subject of a conversion claim. *See Roderick*, 668 N.E.2d at 1065 (funds that consisted of a lump sum payment that was transferred from an outside source, and no debtor-creditor relationship existed were sufficiently identifiable); *cf. 3Com*, 104 F.Supp.2d at 940 (money not identifiable because plaintiff received a percentage of scrap sales from a number of different third-party customers over a two year period); *Cumis*, 983 F.Supp. at 793-94 (funds not identifiable because the funds came from different sources over a period of years, defendants did not segregate the funds and were not required to do so, and the relationship between the parties was one of debtor and creditor).

Brandt also argues that EAB failed to state a claim for breach of fiduciary duty.

To adequately plead a breach of fiduciary duty claim in Illinois, plaintiff must allege: (1) the existence of a fiduciary duty, (2) a breach of that duty, and (3) injury caused by the breach. *LaSalle Bank Lake View v. Seguban*, 937 F.Supp. 1309, 1324 (N.D.Ill. 1996).

"A fiduciary duty is the duty of an agent to treat his principal with the utmost candor, rectitude, care, loyalty, and good faith–in fact to treat the principal as well as the agent would treat

4

himself." *Lagen v. Balcor Co.*, 653 N.E.2d 968, 975 (Ill. 1995). The essence of a fiduciary relationship is one party's dominance over, and the ability to influence, the other, regardless of the level of trust. *Peterson v. H & R Block Tax Servs., Inc.*, 971 F.Supp. 1204, 1212 (N.D.Ill. 1997) (*Peterson*).

An assignment for the benefit of creditors is a voluntary transfer by a debtor of the debtor's property to an assignee in trust for the purpose of applying the property and/or proceeds to the payment of debt. *Illinois Bell*, 509 N.E.2d at 1292. This assignment implies a trust and contemplates the intervention of a trustee. "An assignment for the benefit of creditors ... is simply a unique trust arrangement in which the assignee (or trustee) holds property for the benefit of a special group of beneficiaries, the creditors." *Illinois Bell*, 509 N.E.2d at 1292. A trustee owes a fiduciary duty to a trust's beneficiaries. *Giagnorio v. Emmett C. Torkelson Trust*, 686 N.E.2d 42, 46 (Ill. 1997).

EAB alleges that Brandt, as the trustee-assignee of Prime's assets and property, owes a fiduciary duty to the creditors of Prime, of which EAB is one. EAB also alleges that Brandt's conduct, including the conversion of EAB's money, constitutes a breach of the fiduciary duty owed to EAB. In addition, EAB alleges that Brandt is the holder and possessor of money or property belonging to EAB. Defendant argues that EAB must plead more, including a significant degree of dominance and superiority of one party over another. *See Peterson*, 971 F.Supp. at 1212. However, at this stage of litigation, EAB's allegations sufficiently "set out ... a short and plain statement of the

claim that ... provide[s] the defendant with fair notice of the claim." The burden of proving all of the elements comes later.

For the reasons set forth above, Brandt's Motion to Dismiss is denied.

Dated: 5/22/01

JOHN W. DARRAH
United States District Judge